**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

FRIDA ROSARIO GAXIOLA PENUELAS,

Petitioner,

v. No. 2:26-cv-02113-KG-KRS

MARKWAYNE MULLIN, *Secretary,*
*U.S. Department of Homeland Security; et al.*,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Frida Rosario Gaxiola Penuelas's Petition for a Writ of Habeas Corpus (Petition"), Doc. 1, the Government's Response, Doc. 7, and Petitioner's Reply, Doc. 8. Petitioner has also filed a Motion to Expedite Ruling, Doc. 10. For the reasons below, the Court denies the Petition and denies the Motion to Expedite Ruling as moot.

## *I. Background*

Petitioner is a native and citizen of Mexico who entered the United States in 2006 on a B1/B2 nonimmigrant visa. Doc. 1-2 at 30–32; Doc. 7 at 2. Petitioner applied for and received Deferred Action for Childhood Arrivals ("DACA"), Doc. 1 at 4, but her DACA renewal was denied in 2018 because of a conviction for possession of drug paraphernalia, which was treated as a significant misdemeanor, *id.* at 5; Doc. 1-2 at 2, 30–35. Petitioner's criminal record "also includes a 2014 diversion for shoplifting, marijuana possession, several traffic violations, and 2016 domestic violence charges arising from an argument with her sister that were later dismissed after she completed diversion." Doc. 1 at 5; Doc 1-2 at 2 ("Declaration of Counsel in Support of Petition for Writ of Habeas Corpus"). In May 2023, the Department of Homeland

Security ("DHS") issued Petitioner a Notice to Appear and charged her as removable under Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA"). Doc. 1 at 5.

On or about July 7, 2023, Petitioner was arrested by local law enforcement and taken into custody by U.S. Immigration and Enforcement ("ICE). Doc. 1 at 5; Doc. 1-2 at 30–32. Petitioner applied for a U-visa, which remains pending, and was released. During her release, Petitioner lived and worked in Tucson, Arizona. Doc. 1 at 6; Doc. 1-2 at 42–44. On February 25, 2026, Petitioner was re-detained by ICE while travelling to work in Texas. Doc. 1 at 7; Doc. 1-2 at 30–32. Once detained, Petitioner was granted a bond review, but "[n]o action" was taken at the request of Petitioner's counsel. Doc. 7-2 at 1–2. Petitioner remains detained at the Otero County Processing Center in Chaparral, New Mexico. Doc. 1 at 7.

Petitioner seeks immediate release, or, in the alternative, any other "equitable relief as may be necessary[.]" *Id.* at 13–14. The Government opposes the Petition. *See* Doc. 7. It contends Petitioner has not exhausted her readily available administrative remedies and, in any event, the Court lacks habeas jurisdiction to review discretionary custody determinations under 8 U.S.C. § 1226(e). *Id.* at 1.

***Standard of Review***

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available under 28 U.S.C. § 2241(c)(3) if a noncitizen's detention "violat[es] the Constitution or laws or treaties of the United States." *See Zadvydas*, 533 U.S. at 687. In habeas corpus proceedings, "a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)).

The detention of noncitizens who are "seeking admission" to the United States and are not subject to a final order of removal is governed by Section 236 of the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1226. Under this statute, the detention of a noncitizen without a bond hearing constitutes a violation of their right to due process under the Fifth Amendment to the United States Constitution. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)"). Section 1226(c) is an exception to this general rule. As relevant here, it mandates the detention of any noncitizen who is "charged with" or "arrested for . . . acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense[.]" 8 U.S.C. § 1226(c)(1)(E).

***II. Analysis***

The Court concludes that Petitioner is subject to mandatory detention under § 1226(c).[1] Here, Petitioner concedes that her criminal record "includes a 2014 diversion for shoplifting[.]" Doc. 1 at 5; Although the charge was dismissed "following Petitioner's successful completion of diversion," Doc. 1-2 at 2, mandatory detention under § 1226(c)(1)(E) is triggered by an arrest, charge, or conviction for the crime of shoplifting. Because Petitioner was arrested for shoplifting, *see* Doc. 1 at 5; Doc 1-2 at 2, she is therefore subject to mandatory detention under § 1226(c).

---

[1] Petitioner has also filed a Notice of Failure to Comply, Doc. 6, alleging the Government failed to file its Response with ten (10) business days of this Court's Order to Answer ("OTA"), Doc. 3. Although the Clerk provided notice that the Petitioner had been electronically served on all federal Respondents on July 1, 2026, *see* Doc. 2, the Court's OTA was not entered until the following day, on July 2, 2026. The Government's Response was therefore timely.

## *III. Conclusion*

For the reasons above, Court denies the Petition, Doc. 1, and denies the Motion to Expedite Ruling, Doc. 10, as moot.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales____________________
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.